COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-080-CR

 

 

OSCAR G. CHAIDEZ                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Oscar G. Chaidez
entered an open plea of guilty to murder.[2]  The trial court assessed Appellant=s punishment at twenty-five years= confinement.  We affirm.

 








 

                                      Procedural Background 

On January 6, 2006, Appellant signed a Judicial Confession
and Written Plea Admonishments, acknowledging that he was entering an open plea
of guilty to the offense of murder, a first degree felony.  The plea included assessment of punishment by
the court after preparation of a presentence investigation report (PSI).[3]
 Appellant waived his right to have a
court reporter make a record of the proceedings at which he would enter his
guilty plea. Accordingly, the appellate record does not contain a court
reporter=s transcription of
the guilty plea hearing.  The trial court accepted Appellant=s plea and deferred sentencing until a PSI had been prepared.








On March 3, 2006, the trial
court reviewed the PSI and offered the parties an opportunity to present
additional evidence regarding punishment.[4]
Neither party presented any evidence.[5]  Appellant=s counsel asked the court to take into consideration Appellant=s age and that he has had a good family, and to assess punishment at
twenty years or less in the penitentiary.[6]  The State asked the court to take into
consideration the impact of the victim=s death on his family and to assess punishment at twenty-five years or
more in the penitentiary.  At the
conclusion of the hearing, the trial court found Appellant guilty based upon
the guilty plea he had previously entered, and assessed Appellant=s punishment at twenty-five years= confinement.  In doing so, the
court stated, AThe reason
why I=m doing it is you=ve been in our jail and have had continued problems up in the jail,
minor or major.  There are some rules
that have to be followed and you haven=t been able to follow them.@

                         Independent
Review Of The Record








Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his motion
and brief, counsel avers that in his professional opinion this appeal is wholly
frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  Appellant was provided the
opportunity to file a pro se brief, but has not filed one.  The State has not filed an appellate brief.

          In
our duties as a reviewing court, we must conduct an independent evaluation of
the record to determine whether counsel is correct in determining that the
appeal is frivolous.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d
at 923.  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an open plea of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his plea, that occurred before entry of the plea so long as the judgment of
guilt was rendered independent of, and is not supported by, the alleged
error.  See Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1,
4-5 (Tex. Crim. App. 1995).  Therefore,
our independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Appellant=s plea, potential
error occurring before Appellant=s plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea.  See Young,
8 S.W.3d at 666-67.

 

 








                                           Discussion 

We have carefully reviewed
the record before us,[7] including the PSI and the reporter=s record from the punishment hearing, and counsel=s brief.  We agree the appeal is
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005).  Therefore,
we grant the motion to withdraw filed by Appellant=s counsel and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
F:  HOLMAN, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 22, 2006

 

 

 

 

 











[1]See Tex. R.
App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 19.02(b)(1) (Vernon 2003).





[3]See id. ' 19.02(c).





[4]Appellant did not request the court
to consider placing him on  community
supervision.





[5]The State said it would Ajust submit the PSI to the Court,@ and Appellant=s counsel said Awe=ll rest with the Presentence
Investigation Report.@ 





[6]The punishment range for a first
degree felony is between five and ninety-nine years= confinement, and a fine not to
exceed $10,000.  Id. ' 12.32.





[7]As stated earlier, Appellant waived
the right to have a court reporter present at the January 6, 2006 hearing at
which he entered his guilty plea.